IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRI LINN HUGHES, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI,[1] ) <br> Acting Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-21-80-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant Terri Linn Hughes requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

[s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: (1) whether the decision was supported by substantial evidence, and (2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human*

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was fifty-four years old at the time of the administrative hearing (Tr. 31, 209). She completed high school, as well as cosmetology training and certification as a CNA, and has previously worked as a laborer and as a security guard (Tr. 51, 234). The claimant alleges inability to work since an amended alleged onset date of July 1, 2017, due to anti-nuclear auto immune disorder, Sjogren's syndrome, lupus, depression, hypothyroidism, asthma and bad lungs, and stomach problems (Tr. 233).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on November 14, 2018. Her applications were denied. ALJ Susanne M. Cichanowicz conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 31, 2020 (Tr. 10-19). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step four of the sequential evaluation. She found at step four that the claimant could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, she could lift/carry/push/pull up to twenty pounds occasionally and ten pounds frequently, stand/walk six hours in an eight-hour workday, and sit for six hours in an eight-hour workday, but she could only occasionally climb ladders/ropes/scaffolds and only frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. Additionally, she found the claimant was able to understand, remember, and carry out detailed, but not complex, instructions (Tr. 16-17). The ALJ thus concluded at step four that the claimant could return to her past relevant work as a security guard (Tr. 18-19).

**Review**

The claimant contends that the ALJ erred by failing to account for her nonsevere impairments, particularly asthma (including shortness of breath) and tenderness in her hands and wrists. The undersigned Magistrate Judge agrees with the claimant's contention, and the case should be remanded.

The ALJ found the claimant had the severe impairments of systemic lupus erythematosus (SLE) and depression, as well as the nonsevere impairments of lymphedema, hypertension, hypothyroidism, asthma, and hepatitis C (Tr. 12-15). She also noted that there was not sufficient evidence in the record to find the claimant had the medically determinable impairment of fibromyalgia (Tr. 15). The medical evidence related to the claimant's physical impairments at issue on appeal reveals that prior to her amended alleged onset date, the claimant had a bout of pneumonia in January 2016 that landed her

in the hospital (Tr. 476).  After the July 1, 2017 alleged onset date, the claimant often, though not always (Tr. 384, 616), complained of shortness of breath with exertion (Tr. 320, 345, 457, 685).  A March 21, 2018 chest x-ray was unremarkable, but a May 12, 2018 x-ray of the chest revealed bibasilar atelectatsis versus infiltrates, right worse than left (Tr. 330, 493).  A September 18, 2018 chest x-ray revealed right basilar infiltrate and small pleural effusion (Tr. 563).

The claimant received treatment for her autoimmune disorder in the fall of 2018 and thereafter.  Treatment notes indicate the claimant regularly reported shortness of breath, as well as musculoskeletal joint pain, with improvement (Tr. 504-530, 552, 556).  Following a pulmonary function test, the claimant was at 60% of PEF, classifying her asthma as severe and persistent (Tr. 520).  A pulmonary function test done on February 26, 2019, likewise showed a moderately severe restriction (Tr. 601-606).

As to her physical impairments, state agency physicians determined initially and upon review that the claimant could perform the full range of light work, with no additional limitations (Tr. 66-67, 107-109).

In her written opinion at step two, the ALJ summarized much of the medical evidence in the record, as well as the claimant's hearing testimony.  The ALJ noted the claimant's history of asthma and shortness of breath, particularly noting the May 2018 chest x-ray and the test results of the February 2019 pulmonary function test, but not that it was classified as a moderately severe restriction (Tr. 12-14).  Additionally at step two, she noted records where the claimant complained of shortness of breath *and* when she had normal breath sounds (Tr. 14).  She further noted that treatment records from the fall of

2018 and beyond indicating that the claimant had musculoskeletal tenderness, but no swelling (Tr. 14). In finding that the claimant's asthma was nonsevere, however, she incorrectly noted that the claimant had normal cardiovascular and respiratory functions during exams (Tr. 15). At step four, the ALJ did not discuss the medical evidence, but instead noted that she had "normal gait and range of motion during several exams" (Tr. 17). She then stated that she found the state reviewing physician opinions generally persuasive, but that she imposed additional postural limitations due to the claimant's reports of joint pain (Tr. 18). She made no mention of the claimant's nonsevere impairments (nor did she provide an assessment of the claimant's severe impairments) in relation to the RFC at step four. The ALJ ultimately concluded that the claimant was not disabled because she could return to past relevant work as a security guard (Tr. 18-19).

The claimant contends that the ALJ failed in properly assessing her RFC to account for all of her impairments, and the undersigned Magistrate Judge agrees. Because the ALJ did find that the claimant had other severe impairments, *i. e.*, SLE and depression, any failure to find the claimant's additional impairments severe at step two is considered harmless error *at step two* because the ALJ would nevertheless be required to consider the effect of these impairments and account for them in formulating the claimant's RFC *at step four*. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits

conclusively at step two and proceeded to the next step of the evaluation sequence.") (*quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004) *and* 20 C.F.R. § 404.1523). *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has *any* severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted].

But here the ALJ erred *at step four* when she failed to account for the claimant's nonsevere mental impairments as she formulated her RFC, specifically with regard to her diagnosed asthma (with supporting pulmonary function tests). The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination." *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013) (*citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003)). In this case, although the ALJ *discussed* some of the evidence related to the claimant's physical impairments at step two, she focused generally on records that supported her conclusions

while ignoring consistent records which supported additional limitations, even misstating again at step four that the claimant had "normal cardiovascular and respiratory exams, and positive response to medications" (Tr. 17). *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted]. *See also Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir.1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects.") [citation omitted].

"To sum up, to the extent the ALJ relied on h[er] finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis." *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013).  This is of particular concern where, as here, there is an indication that the claimant's numerous nonsevere impairments (those recognized at step two and those not recognized at step two) may nonetheless have had a combined effect on her ability to function, as there are multiple treatment records indicating that the claimant's asthma, along with her severe impairments of lupus and depression, may have had a combined limiting effect. *See McFerran v. Astrue*, 437 Fed. Appx. 634, 638 (10th Cir. 2011) (unpublished opinion) ("[T]he ALJ made no findings on what, if any, work-related limitations resulted from Mr. McFerran's nonsevere mood disorder and chronic pain.  He did not include any such limitations in either his RFC determination or his hypothetical question.  Nor did he explain why he excluded them.  In

sum, we cannot conclude that the Commissioner applied the correct legal standards[.]"). Because the ALJ failed to properly account for all of the claimant's impairments, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis.

Because the ALJ failed to properly evaluate *all* the claimant's impairments singly and in combination, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of all of the claimant's impairments. If such analysis results in any changes to the claimant's RFC—physical impairments, mental impairments, or both—the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 1st day of August, 2022.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**